# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**VICTOR ROBERT BROWN,**
      **Plaintiff,**

    **v.**                             **Case No. 20-C-319**

**DANIEL L LAVOIE,** *et al.,*
      **Defendants.**

---

## ORDER

*Pro se* plaintiff Victor Robert Brown, a Wisconsin state prisoner, filed this civil rights case alleging that the defendants violated his constitutional rights. The plaintiff is proceeding on Eighth Amendment claims based on allegations that (1) defendant Dr. Daniel LaVoie acted with deliberate indifference to his serious medical needs when he tried to remove a screw from the plaintiff's arm without anesthesia and subsequently ordered that the plaintiff not receive treatment for his wound; (2) defendants Jay VanLanen, Justin Maher, Joshua Gomm, Tristan Retzlaff, Drew Weycker, Alex Bonis, Colin Frudbrodt, Michael Neveu, Miles Arne, David Yang, and Jason Gibbs held the plaintiff down or stood by while Dr. LaVoie was working on the plaintiff's arm; and (3) defendant Officer Wisniewski did not allow hospital staff to use stitches on the plaintiff's arm wound. ECF No. 17 at 4. The defendants have filed a motion for partial summary judgment in which they contend that the plaintiff failed to exhaust his administrative remedies as to his claim against Officer Wisniewski.

## I. FACTUAL BACKGROUND

The events giving rise to the plaintiff's claims took place on August 21, 2019. On September 22, 2019, the plaintiff submitted an inmate complaint, GBCI-2019-16714,

alleging that Officer Wisniewski ordered staff at a hospital not to use stitches on his arm. The plaintiff stated in his inmate complaint that he submitted it late because, "One complaint per week limit – I prioritized as best as I could and this was the soonest I could write this complaint, and file it." ECF No. 28-2 at 9.

The institution complaint examiner rejected GBCI-2019-16714 because it was filed beyond the fourteen-day calendar limit set forth in Wis. Admin. Code. § DOC 310.07(2), the plaintiff made no claim for acceptance of the untimely filed complaint for good cause, and the plaintiff offered no evidence that would show that he was denied the use of or inhibited in any way from using the Inmate Complaint Review System since the date of the occurrence. ECF No. 28-2 at 2. The institution complaint examiner's rejection comment also states that the plaintiff had filed six inmate complaints since the August 21, 2109 date of incident and that the plaintiff noted in his inmate complaint that he filed complaints based on what he felt were priority. *Id.*

In his appeal of the rejection of GBCI-2019-16714, the plaintiff said, "I stated my good cause reasons for this late complaint at the end of my DOC 400B [inmate complaint]." ECF No. 28-2 at 10. The reviewing authority determined that the institution complaint examiner appropriately rejected GBCI-2019-16714 in accordance with DOC 310.10(6). ECF No. 28-2 at 5.

## II. SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A.,*

*Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## III. DISCUSSION

The defendants contend that the plaintiff failed to exhaust his administrative remedies regarding his claim against Wisniewski because he submitted an untimely inmate complaint that was rejected as untimely and not considered on the merits. The plaintiff contends that he provided good cause for submitting GBCI-2019-16714 more than fourteen days after the date of incident because under Wis. Admin. Code § DOC 310.07(5), each inmate complaint may contain only one clearly identified issue and he was therefore required to submit four different inmate complaints regarding the August 21, 2019 incident. According to the plaintiff, because Wis. Admin. Code § DOC 310.07(7) states that inmates may not file more than one complaint per calendar week, he prioritized as best he could and submitted GBCI-2019-16714 as soon as he could. The plaintiff also contends that, even though the one complaint per week rule does not apply to inmate complaints that involve the inmate's health, personal safety, or PREA allegations, the institution complaint examiners "never exclude personal safety complaints from the one complaint per week limit[.]" ECF No. 30 at 1.

The Prison Litigation Reform Act (PLRA) provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies).

Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The objective of § 1997e(a) is to permit the institution's "administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects inmates to adhere to "the specific procedures and deadlines" established by the institution's policy. *Dole*, 438 F.3d at 809; *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). Because exhaustion is an affirmative defense, the defendants bear the burden of proving that the plaintiff failed to exhaust. *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

Inmates must exhaust all administrative remedies that the Wisconsin Department of Corrections (DOC) has promulgated by rule before commencing a civil action against an officer, employee, or agent of the DOC. Wis. Admin. Code § DOC 310.05. To fully exhaust administrative remedies in Wisconsin, the inmate must file a complaint with the institution complaint examiner within fourteen calendar days of the incident. Wis. Admin. Code § DOC 310.07(2). An inmate may file only one complaint per week unless it involves "the inmate's health and personal safety" or is made under the Prison Rape Elimination Act. Wis. Admin. Code § DOC 310.07(7). Each complaint may address only one, clearly

identified issue. Wis. Admin. Code § DOC 310.07(5). An institution complaint examiner may reject an inmate complaint for various reasons, including if the inmate submitted the complaint beyond fourteen days after the date of occurrence giving rise to the complaint and provides no good cause for the institution complaint examiner to extend the time limit. Wis. Admin. Code § DOC 310.10(6). If the institution complain examiner rejects the complaint, the inmate has ten days to appeal the rejection to the reviewing authority who shall only review the basis for the rejection of the complaint and whose decision is final. Wis. Admin. Code § DOC 310.10(10).

The plaintiff says he had four inmate complaints to file about the August 21, 2019 incident and he submitted GBCI-2019-16714 late because he was following the one inmate complaint per week filing restriction.[1] However, that rule also states that inmate complaints regarding an inmate's health and personal safety are not subject to the filing restriction. Wis. Admin. Code § DOC 310.07(7)(a). The plaintiff's claim that Wisniewski

---

[1] The plaintiff identified the four inmate complaints as: (1) GBCI-2019-15194; (2) GBCI-2019-16096; (3) GBCI-2019-16714; and (4) GBCI-2019-17887. ECF No. 29 at 2. According to the plaintiff's Inmate Complaint History Report, DOC staff received the first inmate complaint, GBCI-2019-15194, in which the plaintiff complained about the doctor, on August 29, 2019. ECF No. 28-1 at 10. The second inmate complaint, GBCI-2019-16096, was received on September 13, 2019, and the plaintiff complained that staff failed to stop the doctor from hurting him. *Id.* The third inmate complaint, GBCI-2019-16714, was the complaint about Wisniewski and was received on September 24, 2019. *Id.* The fourth inmate complaint, GBCI-2019-17887, was received on October 14, 2019, and the plaintiff complained that HSU scheduled him to see Dr. LaVoie. *Id.* The plaintiff filed three other inmate complaints in between the time DOC staff received the first and fourth inmate complaints that he says are related to this case: (1) GBCI-2019-15492, received September 3, 2019, about missing property; (2) GBCI-2019-16420, received September 18, 2019, complaining that he did not have an emergency call button in his cell; and (3) GBCI-2019-17221, received October 2, 2019, challenging the policy that only allows inmate to send up to $100 per month to people on visiting list. *Id.*

would not let the doctor give him stitches is related to his health and personal safety such that it should have fallen under the exception to the one complaint per week rule. *See Reed v. Meyers*, No. 19-cv-189, 2021 WL 510745, at *2 (W.D. Wis. Feb. 11, 2021) (inmate's complaints about events leading up to self-harm incident related to his health and personal safety such that inmate would have been able to avail himself of the exception to the rule limiting inmates to one inmate complaint per week).

The plaintiff did not submit a timely inmate complaint regarding his claim against Wisniewski and he has not shown that administrative remedies were unavailable. He could have submitted an inmate complaint regarding his allegations against Wisniewski within fourteen days of the date of incident. And even though the plaintiff thinks that the institution complaint examiner would not have followed § DOC 310.07(7)(a) and accepted a complaint against Wisniewski within fourteen days of the date of incident because DOC staff never apply the health and safety exception correctly, he was required to try. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536-37 (7th Cir. 1999). (If the plaintiff had timely submitted an inmate complaint raising his medical claim against Wisniewski and if the institution complaint examiner had not properly applied the § DOC 310.07(7)(a) exception, then the plaintiff might have an argument that administrative remedies were unavailable to him.) The plaintiff's claim against Wisniewski is therefore subject to dismissal on exhaustion grounds. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("[A] prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."). Wisniewski is not involved in the plaintiff's other two claims and I will dismiss him from this case.

## IV. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the defendants' motion for partial summary judgment on exhaustion grounds (ECF No. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Wisniewski is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 4th day of August, 2021.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge

7